UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 7:02-CR-93-F
No. 7:05-CV-114-F

| | |
|---|---|
| WILBUR BUTLER, ) | |
|     Movant, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

This matter is before the court on the Government's Motion to Dismiss or for Summary Judgment [DE-121] as to movant, Wilbur Butler's, Motion to Vacate, Set Aside or Correct Conviction and Sentence [DE-116] pursuant to 28 U.S.C. § 2255. Butler has filed a response [DE-123] in opposition to the Government's motion, and the matter is ripe for disposition.

On November 26, 2002, Butler was convicted after trial of drug trafficking and conspiracy, and was sentenced to a term of 212 months imprisonment, plus supervised release. He also was ordered to forfeit a sum of money. Butler's conviction and sentence were affirmed on appeal by unpublished opinion. *See United States v. Butler*, No. 03-4290 (4th Cir. Jan. 23, 2004). Butler filed this timely § 2255 motion.

By order of November 2, 2006 [DE-117], the undersigned directed the United States attorney to respond to Butler's claim that he had received ineffective assistance of counsel at trial. The remainder of Butler's § 2255 claims were dismissed. Within the time allowed therefor, the Government filed a Motion to Dismiss or for Summary Judgment [DE-121] arguing, essentially, that trial counsel was not ineffective for the reasons set out in trial counsel's affidavit, which was attached as an exhibit to the Motion.

In the light most favorable to Butler, as the non-moving party, the material facts are these. Trial counsel explained to members of the jury during his opening statement that they

would hear evidence that Butler was the victim of a political vendetta instigated by the local Sheriff in retaliation for Butler's supporting the Sheriff's opponent at the last election. Counsel also forecast that witnesses for the defense would include Butler himself. Nevertheless, after the close of the Government's evidence, only two defense witnesses were called: Butler's sister whose testimony was not admissible, and an ex-girlfriend whose testimony was relevant only to the criminal forfeiture issue, not to the question of guilt or innocence.

Trial counsel explained to Butler, and to this court in the affidavit accompanying the Government's motion, that he believed that if he did not present evidence, he would be entitled to make the last argument to the jury. *See* Affidavit of Junius B. Lee, III, at ¶ 9. Counsel was mistaken. Although the North Carolina rules of court so permit, *see* N.C. GEN. STAT. § 15A-1221(a)(4). the Federal Rules of Criminal Procedure do not contain such a provision.

Consequently, not only was Butler himself allegedly prevented by his lawyer from taking the stand in his own behalf, but defense counsel supposedly did not adequately investigate or subpoena the individuals whose names Butler had provided as witnesses to support his defense. In light of trial counsel's promise to the jury that they would hear that the motivation for Butler's investigation and arrest was political vindictiveness, and that they would hear Butler testify on his own behalf, trial counsel neither developed the "vendetta" defense nor permitted Butler to take the witness stand.

The court recognizes that there are instances in which defense counsel's failure to develop at trial a defense strategy forecast in his opening statement, or his inadequate investigation of and failure to subpoena defense witnesses, or his failure to afford his client the opportunity to testify on his own behalf, may amount to ineffective assistance of counsel. Specifically, Butler relies on *Harris v. Reed*, 894 F.2d 871 (7th Cir. 1990), in which the appellate court reversed the denial of a petition for writ of habeas corpus. In *Harris*, it was determined

2

that key exculpatory witnesses were not interviewed, and "[a]fter outlining a viable defense theory in his opening statement, defense counsel failed to put on any defense for his client." Memorandum in Support of § 2255 Motion [DE-113], at 10, citing *Harris*, 894 F.2d at 873-74. "[T]he Seventh Circuit Court of Appeals held that trial counsel's failure to call favorable defense witnesses to support a viable theory of defense constituted ineffective assistance of counsel. " *Id.*

In order to prevail on a claim that he was afforded ineffective assistance of counsel, Butler must satisfy the dual standards of *Strickland v. Washington*, 466 U.S. 668 (1984). That is, he first must show that his counsel's efforts fell below an objective standard of reasonableness. *See id.* at 687-88. Second, he must demonstrate that, but for these alleged unprofessional errors, the results would have been different. *See id.* at 687-91. Failure to satisfy either standard is fatal to an ineffective assistance of counsel claim under the Fifth Amendment, brought pursuant to § 2255.

In order to avoid entry of summary judgment, a non-moving party must demonstrate he can produce competent evidence at an evidentiary hearing to support each element of the claims upon which he seeks relief. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

Accepting as true, for purposes of the instant motion, all of Butler's allegations and his theory that had his defense properly been presented he could have demonstrated that his investigation by the local authorities was vindictive, Butler still is not entitled to relief. The key to his failure is contained in his own references to the *Harris* case. The theory that the Sheriff chose him as a target for criminal investigation in order to keep him from interfering in the next

3

local election does not constitute a "viable defense" to charges of drug trafficking and conspiracy. Although Butler states in his affidavit opposing the instant motion that he did not commit the drug trafficking offenses charge, the Government was allowed to introduce at trial video surveillance tapes of Butler making hand-to-hand purchases of controlled substances from cooperating individuals. Evidence that law enforcement officials' motivation for initiating a criminal investigation was less than altruistic is entirely irrelevant to a defendant's guilt or innocence. The jury found beyond a reasonable doubt that the Government proved each element of the offenses for which Butler was charged.

Because Butler has suggested no "*viable* defense" of which his counsel's conduct allegedly deprived him, and otherwise has failed to suggest how he was prejudiced by his trial counsel's allegedly deficient representation, Butler has failed to satisfy the second prong of the *Strickland* test for proving ineffective assistance of counsel.

> [A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

*Celotex Corp.*, 477 U.S. at 323 (citations omitted). For the foregoing reasons, therefore, the Government's Motion to Dismiss or for Summary Judgment [1] [DE-121] must be, and hereby is, ALLOWED.

SO ORDERED. This the 1st day of March, 2007.

James C. Fox
JAMES C. FOX
Senior United States District Judge

---

[1] The Government did not suggest failure to demonstrate prejudice under *Strickland* as a ground for relief. Rather, the Government simply refers the court to the contents of Butler's trial counsel's affidavit, attached to the Memorandum in support of the instant motion.

4